\*\*E-Filed 06/05/2007\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BO TANG,<br><br>                   Plaintiff,<br><br>     v.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland security;<br>EMILIO T. GONZALEZ, Director of the United States Citizenship and Immigration Services;<br>DAVID STILL, San Francisco District Director, United States Citizenship and Immigration Services;<br>ROBERT S. MUELLER, III, Director of the Federal Bureau of Investigation<br><br>                  Defendants. | Case Number C 07-0683 JF<br><br>ORDER[1] DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM<br><br>[re: docket no. 4] |

## I. BACKGROUND

Plaintiff Bo Tang is a native of China who submitted an I-485 application to the United States Citizenship and Immigration Service ("USCIS") on May 9, 2005, seeking to adjust his

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 07-0683
ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM
(JFEX1)

1  immigration status to that of lawful permanent resident. The application remains unadjudicated
2  after over two years. Plaintiff asserts that he and his congressional representatives have made
3  numerous inquiries of the USCIS and the FBI regarding his application.  On February 1, 2007, he
4  filed the complaint ("Complaint") in this action, alleging that Defendants have violated the
5  Administrative Procedures Act ("APA") by unreasonably delaying the adjudication of his
6  application.  Plaintiff seeks a writ of mandamus pursuant to 28 U.S.C. §1361 compelling
7  Defendants to process his application. On April 5, 2007, Defendants moved to dismiss the
8  complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants argue that
9  their duty to process I-485 applications within a particular time frame is wholly discretionary and
10 that the APA exempts such discretionary agency actions from judicial review. Plaintiff opposes
11 the motion. The Court heard oral argument on June 1, 2007.

## II.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the jurisdiction of the court over the subject matter of the complaint. Fed. R. Civ. P. 12(b)(1). District courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Under the APA, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude the matters presented to it." 5 U.S.C. § 555(b). Should an agency not proceed as directed by section 555(b), a court may hear a petition for a writ of mandamus compelling an agency to perform an "action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).  To invoke subject matter jurisdiction under the APA, a petitioner must show (1) that Defendants had a nondiscretionary duty to act and (2) that Defendants unreasonably delayed in acting on that duty. *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63-65; 5 U.S.C. §§ 555(b), 706(1). *See also Gelfer v. Chertoff*, 2007 WL 902382 * 1 (N.D.Cal. 2007).

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. In resolving a motion under Rule 12(b)(6), the Court must construe the

2

complaint in the light most favorable to the Plaintiff, and accept Plaintiff's factual allegations as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

## III. DISCUSSION

### 1. Defendants' Nondiscretionary Duty

Defendants argue neither section 1361 nor the APA is a basis for subject matter jurisdiction because Defendants' duty to process the I-485 applications in a particular time frame is discretionary. Motion 6. The Immigration and Nationality Act ("INA") authorizes "the Attorney General, in his discretion," to adjust to permanent residence status certain aliens who have been admitted into the United States. 8 U.S.C. § 1255. However, as the government has conceded in at least two similar actions, *see Singh v. Still*, 470 F.Supp 2d 1064, 1067 (N.D.Cal. 2007), and *Gelfer*, 2007 WL 902382 at *2, while its duty to grant an adjusted status is discretionary, its duty to *process* I-485 applications under section 1255 is nondiscretionary. *Id*.

In response to Plaintiff's opposition, Defendants raise the additional argument that section 1252(a)(2)(B) of the INA prevents this Court from exercising jurisdiction over Plaintiff's complaint.[2] Section 1252(a)(2)(B), titled "Denial of *Discretionary* Relief" provides:

> Notwithstanding any other provision of law, including . . . section 1361 . . . and regardless of whether the judgement, decision, or action is made in removal proceedings, no court shall have jurisdiction to review –
>   (i) any judgment regarding the granting of relief under section . . . 1255 of this title, or
>   (ii) any other decision or action . . . which is specified under this subchapter to be in the discretion of the Attorney General of Secretary of Homeland Security . . . .

8 U.S.C. § 1252(a)(2)(B) (emphasis added). However, Defendants' argument based on section 1252 is unpersuasive. As its title suggests, section 1252(a)(2)(B) applies only to those discretionary decisions made by Defendants pursuant to section 1255. The duty to process I-485 applications is not discretionary. Moreover, Plaintiff has not requested that the Court review a judgment ordering relief. No judgment has been rendered by Defendants. Accordingly, section

---

[2]The Court considers this jurisdictional argument despite that it was raised in an untimely fashion in Defendants' Reply.

3

Case No. C 07-0683
ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM
(JFEX1)

1252 does not deprive the Court of jurisdiction over Plaintiff's petition for mandamus relief.[3]

**2. Defendants' Unreasonable Delay**

To establish jurisdiction, Plaintiff also must demonstrate that Defendants have failed to act within a reasonable period of time. Unreasonable delay may be redressed by a writ of mandamus. *See Singh*, 470 F.Supp.2d at 1068 ("petitioners whose applications for adjustment in status are properly before the INS . . . have a right, enforceable through a writ of mandamus, to have the applications processed within a reasonable time."); *Gelfer,* 2007 WL 902382 at *4-*5 ("Allowing the respondents a limitless amount of time to adjudicate petitioner's [I-485] application would be contrary to the 'reasonable time' frame mandated under 5 U.S.C. § 555(b)").  Although no time frame is defined in the INA, "a contrary position would permit [Defendants] to delay indefinitely," and "Congress could not have intended to authorize potentially interminable delays." *Yu v. Brown*, 36 F. Supp.2d 922, 932 (D.N.M. 1999) (addressing section 1255 and other INA statutes).

Plaintiff filed his I-485 application on May 6, 2005, and it has been pending an FBI name check since before July, 2006. The Court appreciates that the security checks performed on I-485 applications are essential to the nation's security and that the number of applications that must be checked has increased drastically since 9/11. However, Defendants do not identify any specific actions they have taken to process Plaintiff's application, nor do they provide a sufficiently specific explanation for their exceedingly long delay in processing Plaintiff's name check. On the

---

[3] The Court disagrees with the minority of district courts that have found an absence of jurisdiction on the basis of 8 U.S.C. § 1252(a)(2)(B). *See Liu v. Chertoff*, 2007 WL 1300127 (S.D.Cal 2007); *Grinberg v. Swacina*, 2007 WL 840109 (S.D. Fla. 2007); *Safadi v. Howard*, 466 F.Supp.2d 696 (E.D.Va. 2006). This Court's conclusion is in line with that of other district courts. *See Yu v. Brown*, 36 F. Supp.2d 922 (D.N.M. 1999) (concluding that section 1252 limits judicial review of removal orders, not jurisdiction of claims for mandamus relief); *Paunecsu v. I.N.S.*, 76 F.Supp.2d 896 (N.D.Ill 1999) (holding that section 1252(a)(2)(B) only prevents judicial review of discretionary judgments denying relief); *Kim v. Ashcroft*, 340 F.Supp.2d 384 (S.D.N.Y. 2004) (finding jurisdiction without addressing section 1252); *Gelfer*, 2007 WL 902382 (N.D.Cal. 2007) (same); *Baker v. Still*, 2007 WL 1393750 (N.D.Cal. 2007) (same); *Wu v. Chertoff*, 2007 WL 1223858 (N.D.Cal. 2007) (same).

4

Case No. C 07-0683
ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM
(JFEX1)

1  instant record, which lacks a particular explanation as to the cause of the delay, the Court
2  concludes that two years is an unreasonable delay under the APA. *See Gelfer*, 2007 WL 902382
3  at *3 (a two year delay in processing an I-485 application is unreasonable as a matter of law);
4  *Wu v. Chertoff*, 2007 WL 1223858 (N.D.Cal. 2007) (a three year delay in processing an I-485
5  application is an unreasonable amount of time as a matter of law).

6  Accordingly, the Court concludes that it has subject matter jurisdiction over Plaintiff's
7  complaint under § 1361 and the APA. Defendants have a nondiscretionary duty to process
8  Plaintiff's I-485 applications within a reasonable amount of time and Defendants have delayed
9  unreasonably in fulfilling this duty. Assuming as it must at the leading stage that Plaintiff's
10 factual allegations are true, the Court expresses no opinion as to the proper outcome of the
11 review of Plaintiff's I-485 applications. As noted above, the Court lacks jurisdiction to review
12 the outcome of that discretionary review. *See Norton*, 542 U.S. at 65; *Gelfer*, 2007 WL 902382 at
13 *2; *Chen v. Chertoff*, No. C-06-07927 at 3-4 (N.D.Cal. April 18, 2007) (order denying motion to
14 dismiss).

### IV.  ORDER

16  Good cause therefor appearing, IT IS HEREBY ORDERED:
17  (1) Defendants' motion to dismiss for lack of subject matter jurisdiction and failure to
18  state a claim is DENIED.
19  (2) As the parties agreed at oral argument, the Department of Homeland Security is the
20  agency responsible for implementing the Immigration and Nationality Act, and so
21  Michael Chertoff, in his capacity as Secretary of the Department of Homeland Security is
22  the only relevant Defendant in this action. This matter is dismissed, in its entirety, as to
23  Defendants Emilio T. Gonzalez, David Still, and Robert S. Mueller, III.

25  DATED: 06/05/07

JEREMY FOGEL
United States District Judge

1  This order has been served upon the following people:

2  Justin Fok           jfok@jclawoffice.com

3

4  Ila Casey Deiss      ila.deiss@usdoj.gov

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

Case No. C 07-0683
ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM
(JFEX1)